9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar LOYA-GUTIERREZ, Defendant-Appellant.
 No. 92-50755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cesar Loya-Gutierrez appeals his conviction, following a conditional guilty plea, for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Loya-Gutierrez contends the district court erred by denying his motion to suppress evidence because Border Patrol Agent Andre Lepe lacked reasonable suspicion to stop the automobile Loya-Gutierrez was driving. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo whether founded suspicion existed for an investigatory stop of a vehicle. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 The Fourth Amendment prohibits an officer from stopping a vehicle without a reasonable or founded suspicion of criminal conduct at the time of the stop. United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992), as amended by 997 F.2d 1306 (1993); United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion exists when an officer is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person to be detained has committed or is about to commit a crime. Salinas, 940 F.2d at 394; Hernandez-Alvarado, 891 F.2d 1414, 1416. The facts are to be interpreted in light of a trained officer's experience, United States v. Cortez, 449 U.S. 411, 418 (1981), and the whole picture must be taken into account, United States v. Sokolow, 490 U.S. 1, 8 (1989).
 
 
 5
 Here, the following facts were adduced by declaration and testimony at the suppression hearing. At approximately 6:30 p.m. on July 31, 1992, Agents Lepe and Moreno were standing beside the California Agricultural Inspection Station on Interstate 10 ("I-10") near Blythe, California. Lepe saw Loya-Gutierrez drive up to the inspection station in a 1979 Chevrolet Impala bearing Arizona license plates, and stop for an agricultural inspection. The agricultural inspector appeared to have difficulty communicating with Loya-Gutierrez. Loya-Gutierrez glanced at Lepe, who was in uniform, then looked straight ahead. The vehicle Loya-Gutierrez was driving was of a type commonly used to smuggle aliens, and it appeared to be riding low in the rear. When the agricultural inspector signaled that Loya-Gutierrez was free to go, he drove away at an unusually high rate of speed.
 
 
 6
 Agent Lepe decided to follow Loya-Gutierrez, and he and Agent Moreno got into their separate, marked Border Patrol vehicles. In the 15 seconds it took Lepe to get into his vehicle, Loya-Gutierrez' vehicle had disappeared from sight. Driving at approximately 90 to 95 m.p.h., it took Lepe 10 miles to catch up to Loya-Gutierrez. He estimated Loya-Gutierrez' speed at 90 m.p.h. He stopped Loya-Gutierrez and inspected his immigration documents, which were in order. Loya-Gutierrez consented to a search of the car. Twenty-two kilograms of cocaine were found in the trunk.
 
 
 7
 Agent Lepe stopped Loya-Gutierrez based on the following facts: (1) Interstate 10 is a route used for alien and narcotics smuggling; (2) Loya-Gutierrez was driving a type of vehicle that is commonly used to smuggle aliens; (3) the vehicle was riding low in the rear and appeared to be heavily loaded; (4) Loya-Gutierrez avoided eye contact with Lepe as he waited at the inspection station; (5) he drove away from the inspection station at an unusually high rate of speed.
 
 
 8
 Had Loya-Gutierrez not driven away from the inspection station at a high rate of speed, the other factors cited by Agent Lepe, taken together, might not support a finding of reasonable suspicion. See Rodriguez, 592 F.2d at 594-96 (no reasonable suspicion based on the following factors: suspect was driving on a notorious smuggling route, was Hispanic, was driving a type of car the Border Patrol agents thought could be used to smuggle aliens and which appeared to be heavily loaded, and suspect failed to acknowledge Border Patrol agents as he passed them and watched the agents in his rear view mirror when they followed him); see also Salinas, 940 F.2d at 394 (fact that Mexican males driving old model cars blend into commute traffic to transport marijuana into the United States does not justify stopping motorists merely because they appear to be of Mexican ancestry, are driving old cars with something weighing down the rear springs, and glance at border patrol agents in passing).
 
 
 9
 Loya-Gutierrez' high-speed departure from the inspection station, however, is not the "innocent driving behavior" presented in Rodriguez, Salinas, or Hernandez-Alvarado. "[E]rratic driving or obvious attempts to evade officers can support a reasonable suspicion." United States v. Brignoni-Ponce, 422 U.S. 873, 885 (1974); cf. United States v. Robert L., 874 F.2d 701, 703-04 (9th Cir.1989) (no reasonable suspicion where deviations from normal driving were minor). Loya-Gutierrez concedes that he drove quickly away from the inspection station, where uniformed Border Patrol agents were standing. That is a specific and observable fact that, under these circumstances, supports a reasonable inference that the driver was attempting to evade the border patrol agents. Cf. Robert L., 874 F.2d at 703. Accordingly, the district court did not err by concluding that Agent Lepe had a reasonable suspicion justifying an investigatory stop. See id.; see also Rodriguez, 976 F.2d at 595-96. Accordingly, the district court's judgment is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3